IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRI LEE STEVENS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY, ET AL., | : | NO. 2:08-cv-02358-LDD |
| Defendants. | : | |

ORDER

On May 20, 2008, Plaintiff commenced this action against Delaware County, Delaware

County Sheriff's Office, Delaware Sheriff Joseph F. McGinn,[1] Officer Joseph V. Nigro, Officer

Jane Doe, Officer John Doe 1, and Officer John Doe 2.  On June 23, 2008, Defendants moved for

partial dismissal of Plaintiff's Complaint.  (Doc. No. 4.)  We granted Defendants' motion in part

on December 30, 2008.  (Doc. No. 6.)  We dismissed the claims against the individual

Defendants in their official capacities, all claims against the Delaware County Sheriff's Office,

the supervisory liability claim against Sheriff McGinn, the First Amendment Claim, and the

requests for punitive damages and injunctive relief.  We allowed the municipal liability claim

against Delaware County to proceed, and we reserved judgment on Plaintiff's claim for damages

made under 42 U.S.C. § 1983 for violation of a state-created and federally-protected right.  We

also granted Plaintiff leave to file an amended complaint.  Plaintiff has since filed an Amended

Complaint (Doc. No. 7), the parties have filed supplemental briefs regarding Plaintiff's state-

created right claim, and Defendants have moved for partial dismissal of Plaintiff's Amended

---

[1]     Plaintiff alleges that Sheriff McGinn is "charged with the responsibility for
developing policies, programs and procedures and the implementation of related Delaware
County policies, programs and procedures, ensuring, through adequate training and supervision,
that such policies, programs and procedures are lawfully employed by Delaware County Deputies
. . . ."  (Am. Compl. ¶ 10.)

Complaint. Because the state-created right claim addressed by the supplemental briefs is renewed in the Amended Complaint, we treat the supplemental briefs as incorporated into the briefing on Defendants' Motion for Partial Dismissal of the Amended Complaint.

I.      FACTUAL BACKGROUND

On March 13, 2006, a subpoena was issued compelling "WARM DADDY'S RESTAURANT / ZANZIBAR BLUE" to appear before the Delaware County Court of Common Pleas on May 23, 2006 and produce payroll records of a former employee. (Am. Compl. ¶ 18.) Officers Joseph V. Nigro, Jane Doe, John Doe 1, and John Doe 2 (collectively, "the Officers") attempted to serve the subpoena on March 24, 2006 at Zanzibar Blue. (Id. ¶ 19.) Plaintiff Sherri Lee Stevens was at Zanzibar Blue in her capacity as Corporate Communication's Liaison for an upcoming event. (Id.) The Officers advised Plaintiff that they were at Zanzibar Blue to serve the subpoena. (Id.) Plaintiff told the Officers that she was an independent contractor and not an authorized agent of the restaurants. (Id.) The Officers told Plaintiff that her "acceptance of the [s]ubpoena only acknowledged [her] acceptance . . . 'to make sure the owner receives the [s]ubpoena.'" (Id. ¶ 21.) Plaintiff accepted the subpoena, signed a return of service form writing "Corp Communications" under her signature, and hand delivered the subpoena to the restaurants' owner later that evening. (Id. ¶ 22.) The Officers later modified the return of service slip by including the abbreviation "Mgr" under Plaintiff's signature. (Id. ¶ 23.) They also added the following statement: "Subpoena Hand Delivered to Company in Phila. to Mgr above; Warm Daddies Restaurant/Zanzibar Blue, 200 S. Broad ST, Philadelphia, P.A." (Id.)

Although not alleged in the Amended Complaint, it appears that compliance with the subpoena did not occur. On June 1, 2006, Plaintiff was again at Zanzibar Blue. (Id. ¶ 24.) The

Officers arrested her, escorted her out of the building, and placed her in the back of a Delaware County Sheriff's Office vehicle.  (Id. ¶ 25.)  Plaintiff was taken to George Hill Correctional Facility in Delaware County.  (Id. ¶ 26.)  While there, she was searched and given a tuberculosis vaccination.  (Id.)  On June 2, 2006, Plaintiff was brought before Delaware County Court of Common Pleas Judge James Bradley.  (Id. ¶ 27.)  Judge Bradley ordered Plaintiff's immediate release because she was not the proper recipient of the subpoena.  (Id.)  Plaintiff was released four hours later.  (Id. ¶ 28.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  When evaluating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), we must accept as true all factual allegations set forth in the complaint.  See Malia v. General Electric Co., 23 F.3d 828, 830 (3d Cir. 1994).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), and a court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks omitted).  In other words, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965).  Therefore, a claim may be dismissed when the facts alleged and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought.  See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179-80 (3d Cir. 1988).

III.   DISCUSSION

A.   <u>Plaintiff's Claims against Sheriff McGinn</u>

We previously dismissed Plaintiff's supervisory liability claim against Sheriff McGinn

for failure to allege his personal involvement in the allegedly improper conduct of the Officers.

Defendants contend that the supervisory liability claim made against Sheriff McGinn reasserted

by Plaintiff in her Amended Complaint should be dismissed for the same reason.  (Defs.' Mem.

Supp. Mot. Dismiss Am. Compl. at 1-3.)  "A[n individual government] defendant in a civil rights

action must have personal involvement in the alleged wrongdoing; liability cannot be predicated

solely on the operation of respondeat superior.  Personal involvement can be shown through

allegations of personal direction or of actual knowledge and acquiescence."  <u>Evancho v. Fisher</u>,

423 F.3d 347, 353 (3d Cir. 2005) (quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1208 (3d Cir.

1988)).  Actual knowledge can be alleged through "contemporaneous knowledge of the offending

incident or knowledge of a prior pattern of similar incidents."  <u>Colburn v. Upper Darby Twp.</u>,

838 F.2d 663, 673 (3d Cir. 1988).  Acquiescence can be alleged through "circumstances under

which the supervisor's inaction could be found to have communicated a message of approval to

the offending subordinate."  <u>Id.</u>  Here, Plaintiff alleges that Sheriff McGinn was aware that

Officer Nigro had on at least one other occasion arrested and detained an individual despite

evidence that the individual was wrongly arrested.[2]  (Am. Compl. ¶ 37.)  Sheriff McGinn,

_____

[2]     In the Amended Complaint, Plaintiff refers merely to an October 2005 decision of
a district court in the Eastern District of Pennsylvania that "examined Nigro's action in serving a
warrant outside of Delaware County and his representation of the events."  (Am. Compl. ¶ 37.)
In ruling on a motion to dismiss, we may consider documents integral to Plaintiff's claims as
well as matters of public record, like judicial proceedings and items appearing in the record of a

however, tolerated that conduct by failing to implement policies, discipline Officer Nigro, or provide Officer Nigro with training. (Am. Compl. ¶¶ 37-40.) Plaintiff also alleges that Sheriff McGinn was aware that the Officers (1) induced Plaintiff to accept a subpoena when Plaintiff was not the intended recipient or authorized agent of the intended recipient; (2) subsequently modified the return of service form to show that Plaintiff was an authorized agent of the intended recipient; (3) filed the modified form with the court that issued the subpoena; and (4) arrested Plaintiff for failure to comply with the subpoena. (Id. ¶ 36.) Still, according to Plaintiff, Sheriff McGinn took no action to intervene and thus tolerated the Officers' improper conduct. (Id. ¶¶ 37-40.) We find that Plaintiff's Amended Complaint sufficiently sets forth personal involvement on the part of Sheriff McGinn to "raise a right to relief above the speculative level." See Twombly, 127 S. Ct. at 1965.

B.      Plaintiff's Claim based on State-Created Rights

Plaintiff persists in her pursuit of damages under § 1983 for violation of state-created rights protected by the Fourteenth Amendment Due Process and Equal Protection Clauses. We turn first to the Equal Protection claim. Citing Mims v. Philadelphia Newspapers, Inc., 352 F. Supp. 862, 865 n.6 (D.C. Pa. 1972), Plaintiff contends that "unequal treatment by state officials as to state-created rights is actionable as an abridgement of the federal right to equal protection of the laws." (Pl.'s Supplemental Br. Opp'n Mot. Dismiss at 6-7.) This may be true, but Plaintiff

case. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Plaintiff refers to McHenry v. County of Delaware, 04-1011, 2005 WL 2789182 (E.D. Pa. Oct. 24, 2005). At summary judgment, the district court held that genuine issues of material fact existed with regard to claims against Officer Nigro for false arrest, false imprisonment, and violation of the Fourth Amendment. Id. at *9-10. A review of the docket in that matter reveals that the jury entered a verdict against Officer Nigro and judgment was entered in favor of the plaintiff. (McHenry, No. 04-1011, Doc. No. 85.)

has not alleged any unequal treatment, and this aspect of her claim therefore fails.

We turn next to the Due Process claim. We agree that states may create liberty interests protected by the Fourteenth Amendment. <u>Sandin v. O'Conner</u>, 515 U.S. 472, 484 (1995). Here, Plaintiff points to rights allegedly created by certain provisions of the Pennsylvania Constitution, and she states that Pennsylvania law does not allow her to recover damages for the violation of these rights, but she contends that she is entitled to damages under federal law because the rights "are analyzed under . . . procedural due process of the Fourteenth Amendment for a deprivation of a liberty as secured under state law." (Pl.'s Supplemental Br. Opp'n Mot. Dismiss at 8-9.) It is true that a state constitutional provision may create a liberty interest protected by the Due Process Clause of the United States Constitution. <u>E.B. v. Verniero</u>, 119 F.3d 1077, 1105 (3d Cir. 1997) (holding that a provision of the New Jersey Constitution created a liberty interest protected by federal Due Process Clause). However, Plaintiff here contends that damages can be pursued under § 1983 for the violation of rights created by the Pennsylvania Constitution despite the fact that Pennsylvania courts have previously held that Plaintiff is not entitled to such damages as a matter of state law. Plaintiff has provided no legal argument supporting this position, and we decline to so hold. Therefore, this aspect of Plaintiff's claim also fails.

Plaintiff also asserts that Pennsylvania Rule of Criminal Procedure 517 creates an interest protected by the federal Due Process Clause. This rule provides as follows:

> When a defendant has been arrested in a court case, with a warrant, outside the judicial district where the warrant was issued, the defendants shall be taken without necessary delay to the proper issuing authority in the judicial district of arrest for the purpose of posting bail, as promised by law.

Pa. R. Crim. P. 517(A). Plaintiff conflates the analysis of state-created liberty interests by

pointing to a state rule of criminal procedure that is itself meant to protect individuals from the wrongful deprivation of liberty. While a state source may define or create a liberty interest, federal constitutional standards determine the procedural protections due; accordingly, "[a]mple precedent establishes that a state rule of criminal procedure . . . does not create a liberty interest that is entitled to protection under the federal Constitution." Watson v. City of New York, 92 F.3d 31, 37-38 (2d Cir. 1996); see United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003); Shango v. Jurich, 681 F.2d 1091, 1101 (7th Cir. 1982); Pugliese v. Nelson, 617 F.2d 916, 924 (2d Cir. 1980); Bills v. Henderson, 631 F.2d 1287, 1298-99 (6th Cir. 1980); Lombardo v. Meachum, 548 F.2d 13, 15 (1st Cir. 1977); Bonilla v. Vaughn, No. 97-7440, 1998 WL 480833, at *9 (E.D. Pa. Aug. 14, 1998); Hayes v. Muller, No. 96-3420, 1996 WL 583180, at *7 (E.D. Pa. Oct. 10, 1996). Accordingly, Plaintiff's claim for damages based on violation of a state-created and federally-protected right cannot proceed.

      C.     Plaintiff's Request for Injunctive Relief

We previously dismissed Plaintiff's request for injunctive relief because Plaintiff failed to sufficiently plead a threat of future injury. Defendants contend that Plaintiff's claim should be dismissed now for the same reason. (Defs.' Mem. Supp. Mot. Dismiss. Am. Compl. at 3-4), and Plaintiff does not respond to this argument. A § 1983 plaintiff's request for injunctive relief may be dismissed when the plaintiff lacks standing to sue for injunctive relief. Pa. Prison Soc. v. Cortes, 508 F.3d 156, 166-67 (3d Cir. 2007) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)); see also Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). "While a § 1983 plaintiff's allegation that he has suffered from unconstitutional practices may be sufficient to establish standing to sue for damages, '[p]ast exposure to illegal conduct does not in itself show a present

case or controversy regarding injunctive relief.'" <u>Brown</u>, 819 F.2d at 400 (quoting <u>O'Shea v. Littleton</u>, 414 U.S. 488 (1974)). "In order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice].'" <u>Brown</u>, 819 F.2d at 400 (quoting <u>Lyons</u>, 461 U.S. 95). Here, Plaintiff again fails to allege more than past exposure to unconstitutional practices. Plaintiff was released from George Hill Correctional Facility several years ago and has not since been the subject of arrest. She has made no allegations that would establish "a real and immediate threat that [s]he would again" be the victim of the allegedly unconstitutional practices. <u>See</u> <u>id.</u> We therefore hold that Plaintiff cannot sue for injunctive relief.

IV.     CONCLUSION

AND NOW, this 18th day of March 2009, upon consideration of Plaintiff's Supplemental Brief in Opposition to Defendants' Motion to Dismiss the Complaint (Doc. No. 9), Defendants Opposition thereto (Doc. No. 11), the Motion of Defendants for Partial Dismissal of Plaintiff's First Amended Complaint (Doc. No. 12), and Plaintiff's Opposition thereto (Doc. No. 13), it is hereby ORDERED that Defendants' Motion is GRANTED IN PART and DENIED IN PART as follows:

1.      Defendants' Motion to Dismiss is DENIED with respect to the supervisory liability claim set forth against Sheriff McGinn in Count I of the Amended Complaint.

2.      Defendants' Motion to Dismiss is GRANTED with respect to Plaintiffs' claim for damages based on the violation of a state-created right.

3.      Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's request for injunctive relief.

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.